IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:25-cv-2358

CEREMONY OF ROSES
ACQUISITION LLC,

            Plaintiff,

vs.

JOHN DOES 1-100, JANE
DOES 1-100, and XYZ COMPANY,

            Defendants.

---

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND VIOLATIONS OF THE LANHAM ACT

---

Plaintiff, Ceremony of Roses Acquisition LLC, files this complaint against defendants, alleging as follows:

### JURISDICTION AND VENUE

1.      This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

### PARTIES

2.      Ceremony of Roses Acquisition LLC ("Plaintiff") is a Delaware limited liability joint venture with its principal place of business in New York, New York.

3.      Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time. This Complaint will be amended when their true names and capacities are ascertained. Upon information and belief, the individual defendants will be present in and about the District of Colorado in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

4.      On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the District of Colorado and is or will be subject to the jurisdiction of this Court.

5.      Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6.      Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7.       "ZACH BRYAN" (the "Artist") is the federally registered trademark used by this performer in connection with his performing, recording, merchandising and other related goods and services in all aspects of the entertainment industry and to distinguish him from all other such

2

performers. The Artist has used his trademarks in connection with his goods and services for approximately 15 years.

8. The Artist has obtained United States Federal Registrations for his "ZACH BRYAN" trademark: Registration No. 7468555 for use in connection with International Class ("IC") 025 clothing, namely, t-shirts, shirts, and hooded sweatshirts; Registration No. 7541092 for use in connection with IC 041, entertainment services, namely, live performances by a musical artist among other services; and Registration No. 7468545 for use in connection with IC 009, musical sound recordings, downloadable music sound recordings, audiovisual recordings featuring a musical artist, among other goods.

9. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale at and in the vicinity of the Artist's United States tour (the "Tour").

10. The Plaintiff has used the Artist's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish his marks from those of others by, among other things, prominently displaying the Artist's Trademarks on merchandise, including T-shirts and other apparel.

11. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by

millions of popular music enthusiasts.  The previous tours by the Artist were attended by hundreds of thousands of people.

12.     As a result of the foregoing, each of the Artist's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Artist's Trademarks. Plaintiff and the Artist annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Artist's Trademarks.

13.     On Sunday, August 10, 2025, at Red Rock Amphitheater in Morrison, Colorado, the Artist will perform (the "Concert"). Authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be sold throughout the United States before and after all concerts on the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14.     Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after his performance, and at subsequent concerts during the Tour. The tour has just begun and so have Defendant Bootleggers' infringing activities.

15.     The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers.  Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff.  Further, the Infringing Merchandise that Defendants sell is generally of inferior quality.  The sale of such merchandise has injured and is likely to injure the reputation of the Artist which has developed by virtue of his

4

public performances and the reputation of the Plaintiff for high quality Authorized Tour

Merchandise.

16.     The aforesaid acts by Defendants and others are likely to cause the purchasing

public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved

by the Artist and/or Plaintiff and that such Infringing Merchandise is subject to the same quality

control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true.

It also injures Artist and Plaintiff in that Defendants do not pay royalties for these unlawful sales.

17.     The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing

federally trademarks, service marks, likenesses, logos and other indicia of the Artist constitutes a

false designation of the source of origin of such goods and falsely describes and represents such

merchandise.  The use by Defendants of the Artist's Trademark also constitutes an attempt to palm

off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

18.     Upon information and belief, Defendants will engage in such infringing activities

in this state and elsewhere in interstate commerce and are likely to continue such activities

throughout the Tour, to the great injury of Plaintiff and the Artist.

19.     Plaintiff has no adequate remedy at law and will suffer irreparable harm and

damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

20.     Plaintiff realleges each allegation set forth in the paragraphs above.

21.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for

injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants'

infringement of the registered mark.

## SECOND CLAIM FOR RELIEF
**(Violation of the Lanham Act)**

22.    Plaintiff realleges each allegation set forth in the paragraphs above.

23.    By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

A.    As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.    As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Artist's concerts on the Tour, including whether this occurs before, during or after the concerts.

6

C.      That Defendants deliver up for destruction any and all Infringing Merchandise.

D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount

to be determined.

E.      As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and

such other and further relief as the Court deems to be just and proper.

Dated: July 31, 2025                      Respectfully Submitted,
                                                  /s Cara R. Burns
                                          Cara R. Burns
                                          Mims, Kaplan, Burns & Garretson
                                          28202 Cabot Road, Suite 300
                                          Laguna Niguel, California 92677
                                          Tel: (310) 314-1721
                                          Fax: (949) 340-9737
                                          Email: cburns@hmkblawyers.com

                                          Attorneys for Plaintiff